IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANKIE L. MARTIN, SR., et al., | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | 3:12-CV-5063-N-BK |
| | § | |
| STATE BAR OF TEXAS, | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiffs Frankie L. Martin, Sr., and Teresa R. Martin, filed a *pro se* complaint. The Court granted their motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, it is recommended that this action be dismissed without prejudice for want of jurisdiction.

**I. BACKGROUND**

The complaint and answers to the Court's questionnaire are difficult to decipher. However, when liberally construed, Plaintiffs appear to bring claims against the State Bar of Texas and retained attorneys Huston Smith, Kelvin Brooks, Adam Seidel, and John D. Nation. (Doc. 3 at 1; Doc. 9, ans. 1, 3, 5, 6). Messrs. Smith, Brooks, and Seidel represented Plaintiffs during their criminal prosecution, *see United States v. Martin, et al.,* No. 3:02-CR-0283-R (N.D. Tex. 2003) (110-month sentence for conspiracy to commit money laundering), *appeal dismissed on voluntary mot. to dismiss*, Nos. 03-10772, 03-10773 (5th Cir. Apr. 2004), while Mr. Nation represented Mrs. Martin after her motion to vacate sentence under 28 U.S.C. § 2255 was filed, *see Martin v. United States*, 3:05-CV-836-R (N.D. Tex. 2008) (dismissing section 2255 motion as time barred). Plaintiffs allege Messrs. Smith, Brooks, and Seidel "misled" them regarding their direct criminal appeals, and Mr. Nation failed to appeal following the dismissal of Mrs.

Martin's section 2255 motion.  (Doc. 9, ans. 1, 5).  In addition, they assert the State Bar of Texas failed to keep them apprised of the investigation into Mr. Nation's failure to appeal the section 2255 dismissal.[1]  *Id.*, ans. 3, 6.  Plaintiffs request $5,000 in compensatory damages.  *Id.*, ans. 2.[2]

## II. ANALYSIS

Before screening an *in forma pauperis* complaint under 28 U.S.C. § 1915(e), the Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction.  *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Unless otherwise provided by statute, federal court jurisdiction requires (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties and at least $75,000 in controversy, *see* 28 U.S.C. § 1332.  "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'"  *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).  The Court must always liberally construe pleadings filed by *pro se* litigants.  *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

Plaintiffs' allegations do not present a federal cause of action.  The pleadings confirm that Plaintiffs seek to sue the State Bar of Texas and the former attorneys for negligence and legal malpractice, not for a constitutional violation.  In addition, even assuming constitutional

---

[1] Plaintiffs acknowledge that the time to investigate Messrs. Smith, Brooks, and Seidel lapsed long before they contacted the State Bar of Texas.  (Doc. 9, ans. 3).

[2] Earlier this year, Plaintiffs unsuccessfully challenged the dismissal of Mrs. Martin's section 2255 motion.  *See Martin v. United States of America*, No. 3:13-CV-1067-P-BH (N.D. Tex. 2013) (construing complaint as a successive section 2255 motion and transferring to the United States Court of Appeals for the Fifth Circuit).

and civil rights violations, Plaintiffs cannot satisfy the "under color of state law" requirement with respect to their former attorneys.[3] It is well established that an attorney does not act under color of state law in representing a defendant in a criminal case. *See Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985) (holding that retained defense counsel does not act under color of state law) (citing *Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981)). Moreover, because the State Bar is a state agency under Texas law, the Eleventh Amendment bars suit against it. *See Green v. State Bar of Texas*, 27 F.3d 1083, 1087-88 (5th Cir. 1994); *Krempp v. Dobbs*, 775 F.2d 1319, 1321 (5th Cir. 1985); TEX. GOV'T CODE ANN. § 81.011(a) (West 2013) (codifying status of the State Bar of Texas as an official governmental agency of the State of Texas).

Nor can Plaintiff rely on diversity of jurisdiction as a basis for subject matter jurisdiction in this case. The diversity statute requires "complete diversity" of citizenship. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) *(citing Whalen v. Carter,* 954 F.2d 1087, 1094 (5th Cir. 1992) (district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants)). The pleadings, however, confirm that Plaintiffs and all Defendants are citizens of the State of Texas. (Doc. 3, 9). Therefore, this action should be dismissed without prejudice for lack of subject matter jurisdiction.[4]

Finally, since the complaint does not present a sufficient basis for federal question or diversity jurisdiction, the Court cannot exercise supplemental jurisdiction over Plaintiff's state negligence or legal malpractice claims. *See* 28 U.S.C. § 1367(a) ("in any civil action of which

---

[3] To pursue a claim under section 1983, a plaintiff must allege (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by one acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

[4] **Error! Main Document Only.** Even assuming subject matter jurisdiction, any claim for monetary damages against Plaintiffs' former defense attorneys would be barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). A ruling in Plaintiffs' favor on the various negligence or legal malpractice claims pled against defense counsel would necessarily imply the invalidity of their criminal convictions.

the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED** without prejudice for lack of subject matter jurisdiction.

SIGNED May 19, 2013.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE